UNITED STATES OF AMERICA
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.*, and BRADLEY A. STEPHENS, | ) ) CASE NO. 2:12CV306 |
| Plaintiffs, | ) ) |
| v. | ) ) |
| DR. ARSHAD MALIK, AFZAL MALIK, PRIME HEALTH CARE SERVICES, INC., | ) ) ) |
| Defendants. | ) |

**AFFIDAVIT IN SUPPORT OF APPLICATION FOR PREJUDGMENT ATTACHMENT**

The undersigned submits this affidavit in support of the United States Application for a prejudgment order of attachment:

1. The undersigned is employed as an Assistant United States Attorney for the Northern District of Indiana.

2. For approximately 17 years, my official duties I have included coordinating the United States Attorney's Affirmative Civil Enforcement program which entails the investigation, litigation or monitoring of all actions filed in this district under the federal False Claims Act, 31 U.S.C. § 3729, *et seq*. These actions are commonly referred to as *qui tam* actions".

3. One of the several *qui tam* actions presently pending was filed by Relator, Bradley Stephens, on behalf of himself and the United States against, among others, Dr. Arshad Malik and a Prime Home Health Services, Inc., home health agency owned by the Doctor's brother, Afzal Malik.

4. Stephens allegations include the assertion that Dr. Malik and Prime, through Afzal Malik, submitted bills and collected payments from Medicare for physician and home health services purportedly rendered to Medicare patients of Dr. Malik which he referred to Prime.

This allegation is of interest to the Government because 42 USC § 1395nn, commonly known as the "Stark Amendment" prohibits referral of home health patients to a brother's home health agency[1].

    5.  My investigation of Stephens' complaint has included personal interviews of Stephens and his attorney, collection and review of billing and payment data from Medicare's Part B contractor; served subpoenas on Dr. Malik and Prime for patient files and corporate information and to confirm whether a family relationship exists between the Arshad Malik and Afzal Malik;  interviews of Dr. Malik and his attorneys, Mark Psimos of Merrillville and Christina Egan of Chicago and with the Attorney Robert Markette of Indianapolis who represents Prime and Afzal Malik; and review of Medicare's Provider file to determine whether Dr. Malik and Prime are Medicare providers and see what agreements or certifications they might have signed in order to bill Medicare for medical and home health services; reviewed public real estate records of Lake County Indiana and legal research.

    6.  I believe the content of the Application for Prejudgment Attachment is true and accurate.  More specifically, Dr. Malik and Afzal Malik are brothers; Afzal Malik has represented to Medicare that he is the 100% owner and administrator of Prime; both Dr. Malik and Afzal have signed Provider Agreements to participate in Medicare agreeing that they would

---

[1] (a) Prohibition of certain referrals
    (1) In general…if a physician (or an immediate family member of such physician) has [an ownership or investment interest in an entity providing a designated health service] then—
        (A) the physician may not make a referral to the entity for the furnishing of designated health services for which payment otherwise may be made under this subchapter, and
        (B) the entity may not present or cause to be presented a claim under this subchapter or bill to any individual, third party payor, or other entity for designated health services furnished pursuant to a referral prohibited under subparagraph (A).

42 U.S.C. § 1395nn(a)(1) and (2).

not violate Stark and other Medicare laws and rules; I personally served a CID on Prime on January 10, 2013, and have reviewed copies of publicly available recorded deeds showing transfers of four parcels of property starting January 15th;  I have conversed with Mr. Markette as late as March 21, 2014 to determine whether he had any information to show the property transfers were arm's length transactions and supported by consideration, but no information is available; and I have ascertained from publicly available sources that Rehana Malik is the spouse of Afzal Malik, but have not found publicly available information to identify the ages or whereabouts of the other transferees shown on the quit claim deeds, I therefore, conclude (especially since the deeds show the mailing address of Prime for future tax bills) that these transferees are minor children and that the transfers were without consideration.

    7.   Afzal Malik has assigned, disposed of, transferred, and attempted to conceal the four parcels of real estate immediately after receiving the Government's CID which is a ground for prejudgment relief under 28 U.S.C. § 3101(b)(1).

    8.   The amount of debt claimed by the United States is $1,810,205.24 which is subject to trebling and per claim civil penalties under the False Claims Act.

    9. An action for prejudgment attachment lies to secure the ultimate judgment in this action as being an action to recover damages and civil penalties.  See 28 U.S.C. § 3102(b)(4).

    I state under penalty of perjury that the foregoing is true and correct.


Executed:  April 8, 2014                  /s/ Joseph S. Reid
                                                 Joseph S. Reid
                                                 Assistant United States Attorney