UNITED STATES OF AMERICA
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.*, and BRADLEY A. STEPHENS, | ) ) ) CASE NO. 2:12CV306 |
| Plaintiffs, | ) ) |
| v. | ) ) |
| DR. ARSHAD MALIK, AFZAL MALIK, PRIME HEALTH CARE SERVICES, INC., | ) ) ) |
| Defendants. | ) |

## NOTICE

"You are hereby notified that the property on the attached is being taken by the United States Government ('the Government'), which says that Afzal Malik owes it a debt of not less than $1,810,205.24 because of false claims filed against Medicare and has filed a lawsuit to collect this debt. The Government says it must take this property at this time because the conveyance to you was a fraudulent transfer under the Federal Debt Collection Practices Act. The Government wants to make sure Afzal Malik will pay if the court determines that this money is owed.

In addition, you are hereby notified that there are exemptions under the law which may protect some of this property from being taken by the Government if Afzal Malik can show that the exemptions apply.  Below is a summary of the major exemptions which apply in most situations in the State of Indiana:

Sec. 2. (a) This section does not apply to judgments obtained before October 1, 1977.

(b) The amount of each exemption under subsection (c) applies until a rule is adopted by the department of financial institutions under section 2.5 of this chapter.

(c) The following property of a debtor domiciled in Indiana is exempt:

(1) Real estate or personal property constituting the personal or family residence of the debtor or a dependent of the debtor, or estates or rights in that real estate or personal property, of not more than fifteen thousand dollars ($15,000). The exemption under this subdivision is individually available to joint debtors concerning property held by them as tenants by the entireties.

(2) Other real estate or tangible personal property of eight thousand dollars ($8,000).

(3) Intangible personal property, including choses in action, deposit accounts, and cash (but excluding debts owing and income owing), of three hundred dollars ($300).

(4) Professionally prescribed health aids for the debtor or a dependent of the debtor.

(5) Any interest that the debtor has in real estate held as a tenant by the entireties. The exemption under this subdivision does not apply to a debt for which the debtor and the debtor's spouse are jointly liable.

(6) An interest, whether vested or not, that the debtor has in a retirement plan or fund to the extent of:

> (A) contributions, or portions of contributions, that were made to the retirement plan or fund by or on behalf of the debtor or the debtor's spouse:
>
> > (i) which were not subject to federal income taxation to the debtor at the time of the contribution; or
> >
> > (ii) which are made to an individual retirement account in the manner prescribed by Section 408A of the Internal Revenue Code of 1986;
>
> (B) earnings on contributions made under clause (A) that are not subject to federal income taxation at the time of the levy; and
>
> (C) roll-overs of contributions...

*** Start Section
... that is subject to child and spousal support enforcement under 42 U.S.C. 659(h)(1)(A)(ii)(V).

(13) Compensation distributed from the supplemental state fair relief fund under IC 34-13-8 to an eligible person (as defined in IC 34-13-8-1) for an occurrence (as defined in IC 34-13-8-2). This subdivision applies even if a debtor is not domiciled in Indiana.

(d) A bankruptcy proceeding that results in the ownership by the bankruptcy estate of a debtor's interest in property held in a tenancy by the entireties does not result in a severance of the tenancy by the entireties.

(e) Real estate or personal property upon which a debtor has voluntarily granted a lien is not, to the extent of the balance due on the debt secured by the lien:

   (1) subject to this chapter; or

   (2) exempt from levy or sale on execution or any other final process from a court.

   IC 34-55-10-2

   "[A statement summarizing in plain and understandable English the election available with respect to such State under section 3014 and the types of property that may be exempted under each of the alternatives specified in paragraphs (1) and (2) of section 3014(a), and a statement that different property may be so exempted with respect to the State in which the debtor resides.]

   If you disagree with the reason the Government gives for taking your property now, or if you think you or Afzal Malik does not owe the money to the Government that it says you do, or if you think the property the Government is taking qualifies under one of the above exemptions, you have a right to ask the court to return your property to you.

   "If you want a hearing, you must promptly notify the court. You must make your request in writing, and either mail it or deliver it in person to the clerk of the court at 5400 Federal Plaza, Hammond, Indiana. If you wish, you may use this notice to request the hearing by checking the box below and mailing this notice to the court clerk. You must also send a copy of your request to the Government at 5400 Federal Plaza, Suite 1500, Hammond, Indiana 46320, attn: Joseph S. Reid, so the Government will know you want a hearing. The hearing will take place within 5 days after the clerk receives your request, if you ask for it to take place that quickly, or as soon after that as possible.

"At the hearing you may explain to the judge why you think you do not owe the money to the Government, why you disagree with the reason the Government says it must take your property at this time, or why you believe the property the Government has taken is exempt or belongs to someone else. You may make any or all of these explanations as you see fit.

"If you think you live outside the Federal judicial district in which the court is located, you may request, not later than 20 days after you receive this notice, that this proceeding to take your property be transferred by the court to the Federal judicial district in which you reside. You must make your request in writing, and either mail it or deliver it in person to the clerk of the court at [address]. You must also send a copy of your request to the Government at [address], so the Government will know you want the proceeding to be transferred.

"Be sure to keep a copy of this notice for your own records. If you have any questions about your rights or about this procedure, you should contact a lawyer, an office of public legal assistance, or the clerk of the court. The clerk is not permitted to give legal advice, but can refer you to other sources of information."

**(2)** By requesting, at any time before judgment on the claim for a debt, the court to hold a hearing, the debtor may move to quash the order granting such remedy. The court shall hold a hearing on such motion as soon as practicable, or, if requested by the debtor, within 5 days after receiving the request for a hearing or as soon thereafter as possible. The issues at such hearing shall be limited to—

> **(A)** the probable validity of the claim for the debt for which such remedy was granted and of any defense or claim of exemption asserted by such person;
> **(B)** compliance with any statutory requirement for the issuance of the prejudgment remedy granted;

**(C)** the existence of any ground set forth in subsection (b); and

**(D)** the inadequacy of alternative remedies (if any) to protect the interests of the United States.

**(e) Issuance of Writ.—** On the court's determination that the requirements of subsections (a), (b), and (c) have been met, the court shall issue all process sufficient to put into effect the prejudgment remedy sought.

>Respectfully submitted,
>
>David Capp
>UNITED STATES ATTORNEY
>
>/s/ Joseph S. Reid
>Joseph S. Reid
>Assistant United States Attorney
>United States Attorney's Office
>5400 Federal Plaza, Suite 1500
>Hammond, IN 46320
>Tel: (219) 937-5500
>Fax: (219) 937-5547
>Internet Address: joseph.reid@usdoj.gov

## **CERTIFICATE OF SERVICE**

This is to Certify under penalty of perjury that on April 8, 2014, I deposited in the United States Mail, a copy of the foregoing, NOTICE, properly addressed to:

Travis W. Cohron
Holt, Fleck & Romine, LLP
83 South 9th Street
Noblesville, IN 46060

/s/ Amber Mills
Legal Assistant

OFFICE OF:
United States Attorney
5400 Federal Plaza, Suite 1500
Hammond, Indiana 46320
Tel.: (219) 937-5500
Fax.: (219) 937-5547