| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.,* ) | |
| and BRADLEY A. STEPHENS, Relator, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL NO. 2:12cv306 |
| ) | |
| DR. ARSHAD MALIK, AFZAL J. MALIK, ) | |
| and PRIME HEALTH CARE SERVICES, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the court on a motion for judgment on the pleadings filed by the defendants, Afzal J. Malik ("Malik") and Prime Health Care Services, Inc. ("Prime ") on June 1, 2015. The plaintiff, United States of America, filed its response on July 14, 2015, to which the defendants replied on January 20, 2016. Also before the court is a "Motion to Strike DE 77-1 through 77-4", filed by the defendants on January 13, 2016. The United States filed its response on January 26, 2016, to which the defendants replied on February 2, 2016.

## Discussion

The defendants' motion for judgment on the pleadings is based on Rules 9(b) and 12(c) of the Federal Rules of Civil Procedure, and asserts that the United States has failed to plead fraud with sufficient particularity. Specifically, the defendants argue that the amended complaint failed to plead that the defendants certified that they would comply with the Stark law, and that the certification was a condition of payment of Prime's claims for home health services rendered to patients referred by Dr. Arshad Malik.

The United States points out that the amended complaint alleges that the Stark law

prohibits physicians from referring patients for home health services to entities owned by immediate family members, including a brother of the physician. The amended complaint further alleges that Afzal J. Malik is the brother of defendant Dr. Arshad Malik and is the sole shareholder and acts as the Administrator and Chief Executive Officer of Prime. Further the amended complaint alleges that Prime is engaged in business as a provider of home health services to Medicare beneficiaries in Lake County, Indiana. The amended complaint alleges that defendant Dr. Arshad Malik, the brother of defendant Afzal J. Malik, referred many patients to Prime in violation of Stark, and that Prime has, in turn, billed Medicare and received payment from Medicare for home health services rendered to patients in violation of Stark. The amended complaint further alleged that the Prime defendants admitted that they certified they would comply with the requirements of Stark and other laws and regulations.[1]

The United States points out that in response to Requests for Admissions[2], both Prime defendants admitted that defendant Afzal J. Malik signed a document, hand-dated August 14,

---

[1] In their briefs, the defendants attempt to split hairs by claiming that the United States has only alleged that the defendants certified that they "would comply" with the Stark law in the future, not that they were in compliance at the date they signed the document. As there is no inference or argument that the Medicare claims at issue occurred only on the date the certification was signed, and not dates thereafter, the defendants' attempt to obfuscate the issue fails.

[2] Defendants have filed a motion to strike the United States' use of the defendants' answers to requests for admissions. The defendants claim that these documents were not part of the complaint nor part of the answer and thus the motion must be treated as one for summary judgment. Fed.R.Civ.P 12(c). However, as the United States notes, the exception to the general rule applies to facts of which federal courts must take judicial notice because the facts are not subject to reasonable dispute and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Clearly, pursuant to Fed.R.Civ.P. 36(b), defendants' responses to requests for admissions are conclusively established by an unquestionable source and must be judicially noticed. Defendants make the rather odd claim that their admissions cannot be judicially noticed because they are disputed. However, as it is clear that the defendants cannot dispute their own admissions, their motion to strike will be denied.

2002, specifically agreeing to "abide by Medicare laws... [and] understand[ing] that payment of a claim by Medicare is conditioned upon ... complying with... the Stark law."  Finally, the amended complaint alleges that the United States would not have paid Prime's claims for home health services based on referrals by Dr. Arshad Malik if the United States had known about defendants' violation of the Stark law.   Thus, the United States concludes that it specifically alleged that the Prime defendants falsely certified compliance with the Stark law, and that compliance with the Stark law was a condition of payment for home health services rendered by Prime for referrals by defendant Dr. Arshad Malik.

Defendants rely on *United States ex rel Gross v. Aids Research Alliance-Chicago*, 415 F.3d 601 (7th Cir. 2005), to support their argument that the Amended Complaint was not plead with sufficient particularity.  In *Gross*, the Aids Research Alliance-Chicago (Alliance) conducted an AIDS research study funded by the National Institutes of Health.  *Id*. at 602.  The relator in that case alleged that the Alliance submitted "various forms, written reports, and study results," and that "individually, and in cumulative effect, the forms, written reports, and study results submitted by the defendants constituted certifications of compliance with all requirements and conditions of the research grant."  *Id*. at 603-04 (internal quotations omitted).  The Court criticized those general allegations because they "shed no light on the nature or content of the individual forms or why any particular false statement would have caused the government to keep the funding spigot open, much less when any payments occurred or how much money was involved."  *Id.* at 605.  The Court further criticized relator's complaint because it "failed to allege that any particular certification of compliance was a condition of payment of government money."  *Id*. (original emphasis).  The Court affirmed the district court's dismissal of the

relator's complaint. *Id*. at 606.

The deficiencies in relator's complaint in *Gross* are not present in the amended complaint in this case. The amended complaint specifically alleges, and the Prime defendants admit, that the Prime defendants certified compliance with the Stark law. The amended complaint also specifically alleges that the United States would not have paid Prime's claims for home health services based on referrals by Dr. Arshad Malik if the United States had known about defendants' violation of the Stark law; hence compliance with the Stark law is a condition of payment of the Prime defendants' Medicare claims. Accordingly, it is clear that the United States' amended complaint alleges with particularity all elements of plaintiff's claim that the United States paid the Prime defendants' Medicare claims in reliance on the Prime defendants' false certification of compliance with the Stark law, and that compliance with the Stark law is a condition of payment of those Medicare claims. Accordingly, defendants' argument that the United States' amended complaint failed to allege the Prime defendants' fraud with sufficient particularity is without merit and their motion for judgment on the pleadings will be denied.

Conclusion

On the basis of the foregoing, the defendants' motion for judgment on the pleadings [DE 69] and motion to strike [DE 95] are both hereby DENIED.

Entered: March 23, 2016.

s/ William C.  Lee
William C. Lee, Judge
United States District Court