**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ex rel. | ) |
| BRADLEY STEPHENS, | ) |
| *Plaintiffs*, | ) |
| | ) |
| v. | ) Cause No. 2:12cv306 |
| | ) |
| DR. ARSHAD MALIK, *et al*. | ) |
| *Defendants*. | ) |

**MEMORANDUM IN SUPPORT OF RELATOR'S PETITION FOR**
**ATTORNEYS' FEES AND EXPENSES**

Relator Bradley Stephens, by and through undersigned counsel, respectfully submits this *Memorandum in Support of the Relator's Petition for Attorney Fees and Expenses* pursuant to 31 U.S.C. § 3730(d)(2). In support thereof the Relator would state the following:

**INTRODUCTION**

On August 1, 2012, the Relator initiated this *qui tam* case pursuant to the provisions of the False Claims Act, 31 U.S.C. § 3730(b). The United States of America intervened in this case on March 24, 2014. On or about April 14, 2016, the Parties hereto entered a Settlement Agreement wherein they collectively agreed to the pay the United States of America, acting through the United States Department of Justice and on behalf of the Office of the Inspector General, Two Million Five Hundred Thousand Dollars ($2,500,000.00). Of that amount, Defendant Afzal J. Malik and Defendant Prime Health Care Services, Inc. are responsible for One Million Two Hundred Fifty Thousand Dollars ($1,250,000.00). Following the settlement of the case in chief, the Relator accepted the sum of Twenty Thousand Dollars ($20,000.00) to resolve the attorney fee issue herein with Defendant Dr. Arshad Malik. No such agreement could be reached with Defendant Afzal Malik or Defendant Prime Health Care Services, Inc. despite an exhaustive effort to do so.

**ARGUMENT**

As described above, the Relator is a prevailing party and entitled to "receive reasonable attorney's fees and costs." 31 U.S.C. § 3730 (d)(1). Accordingly, the attached Exhibit A, Declaration of (Relator's Counsel) Mr. Travis W. Cohron and Exhibit B, Summary of Billing Data In Excel Formation, establish the Relator is entitled to recover the sum of Seventy-Three Thousand Seventy-Eight Dollars ($73,078.00)($93,078.00 minus the $20,000.00 paid by Defendant Arshad J. Malik) for attorney fees and Two Thousand Four Hundred Ninety-Seven Dollars ($2,497.00) for expenses, from Defendant Afzal J. Malik and/or his solely owned company, Defendant Prime Health Care Services, Inc.

**A. Defendant Afzal J. Malik and Defendant Prime Health Care Services, Inc. Are Liable For The Relator's Unpaid Attorney Fees and Expenses.**

Under the FCA, fee awards or mandatory, not discretionary. 31 U.S.C. § 3730 (d)(1). In FCA matters, courts typically calculate attorney's fees in *qui tam* cases using the same standard as applied in 42 U.S.C. § 1988 civil rights actions and other matters involving federal statutes. This is commonly referred to as the "lodestar method." 132 CONG. REC. H9382-03 (daily ed. Oct. 7, 1986) (Statement of Rep. Berman), 1986 WL 786917; *see also* Blum v. Stenson, 104 U.S. 1051 (1984). The lodestar if calculated by multiplying the number of hours reasonable expended on the litigation multiplied by an attorney's reasonable hourly rate. *See* Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); *see also* Schlacher v. Law Office of Phillip J. Rotche & Assocs., PC., 574 F.3d 852, 856 (7th Cir. 2009). There is a strong presumption the lodestar– the product of reasonable hours multiplied by a reasonable rate – represents a reasonable fee. *See* Blanchard v. Bergeron, 489 U.S. 87, 93-95 (1989).

I.   *Reasonable Hourly Rate*.

As stated above, under the lodestar method, a court must first determine the reasonable hourly rate. "Generally, a reasonable hourly rate is to be calculated according to the prevailing

market rates in the relevant community." Plumbers Union Local No. 690 v. F.P.S. Plumbing, Inc., 2009 WL 2603162 (E.D. Pa. Aug. 21, 2009)(quoting Rode v. Dellarciprete, 892 F.2d 1177 (3d. Cir. 1990). Likewise, the reasonable hourly rate is each attorney's *current* reasonable rate, rather than the hourly rate in effect at the time the services were rendered, to account for the delay in payment. *See* In re Kentucky Grilled Chicken Coupon Marketing & Sales Practices Litigation, 2011 WL 5599129, *13 (N.D. Ill. 2011) (citing Denius v. Dunlap, 330 F.3d 919, 930 (7th Cir. 2003) for the holding that an attorney's actual billing rate for comparable work is presumptively appropriate). It is judged in terms of lawyers of comparable skill and experience practicing in the geographic area in which the litigation occurred. Kentucky Grilled, 2011 WL 5599129 at 13.

As attested to in his declaration, the Relator's counsel has provided testimony in support of the reasonableness of the sought after rate of $275.00 per hour.  *See* Exhibit A, Declaration of Travis W. Cohron. It is current and appropriate for comparative work by similarly experienced litigation counsel. *Id*. Therefore, the Relator respectfully suggests the Court should find said hourly rate to be reasonable for purposes of determining a reasonable lodestar and entering an award of attorney fees.

II.     *Reasonable Number of Hours*.

Next, the Court must determine whether the Relator's counsel spent a reasonable number of hours working on this case. In support of this proposition, a petition for fees "must be accompanied by fairly definitive information as to the hours devoted to various general activities, e.g. discovery, settlement negotiations, and the hours spent by various classes of attorneys.' UAW Local 259 Soc. Sec. Dep't v. Metro Auto Ctr., 501 F.3d 283, 291 (3d Cir. 2007).

Here, Relator's counsel has scrutinized his billings to eliminate any excessive or duplicate time as well as any time spent negotiating with the United States of America over the Relator's share of the settlement proceeds. Further, the detailed description accompanying each

entry reflects a commitment of time "reasonable expended in pursuit of success at the point

in time the work was performed." *See* Wooldridge v. Marlene Industries Corp., 898 F.2d 1169

(6th Cir. 1990); see also Exhibit B, Summary of Billing Data In Excel Format. Therefore, the

Relator respectfully suggests the Court should find the 347.5 hours expended by his counsel in

litigating this matter to be reasonable for purposes of determining a reasonable lodestar and

entering an award of attorney fees.

    III.    *Reasonable Lodestar.*

    Having determined the reasonableness of the hourly rate and the number of hours spent,

a court must next decide whether the lodestar is reasonable. To be clear, the lodestar is calculated

by multiplying the number of hours reasonably spent in litigating the matter by the reasonable

hourly rate. But this does not necessarily end the inquiry. "There remain other considerations that

may lead the district court to adjust the fee upward or downward." Plumbers Union Local No.

690, 2009 WL 2603162. For example, the lodestar may be reduced to account for "results

obtained."

    Here, there is nothing to suggest the lodestar of Ninety-Three Thousand Seventy-Eight

Dollars ($93,078.00) should be reduced. Relator did not have limited success, and despite

Defendants' believe to the contrary, their claimed financial strains are not a relevant

consideration. Further, this case was settled for $2,500,000.00. Relator is requesting $93,078.00

(minus the $20,000 already paid by Defendant Dr. Arshad Malik) for his counsel's work on the

case in chief, which amounts to approximately 3.7% of the settlement amount. Other courts in

FCA cases have found fee awards that were a greater percentage of the total recovery reasonable.

*See* United States v. Cooper Health Sys., 940 F. Supp. 2d 208, 218 (D.N.J. 2013)(finding fee

award that was 41% of the total recovery of the plaintiffs and the law firm reasonable in an FCA

case); U.S. ex rel. Greendyke v. CNOS, P.C., 2007 WL 2908414 (D.S. Sept. 27, 2007)(finding

total fee award of $114, 596.66 reasonable when the FCA claim was settled for $345,000 – a

33% fee award); <u>United States v. Somerset Farms, Inc.</u>, No. 02-2846 (E.D. Penn May 16, 2014)(finding total fee award that was approximately 25% of total recover was reasonable.)

**B. Defendant Afzal J. Malik and Defendant Prime Health Care Services, Inc. Are Jointly And Severally Liable for the Relator's Unpaid Attorney Fees and Expenses.**

It is well settled that joint and several liability applies in multiple-defendant FCA cases: "Where one or more persons have committed a fraud upon the government in violation of the FCA, each is jointly and severally liable for the treble damages and statutory penalty." This concept also applies to payment of Relator's attorneys' fees and costs, as made clear by the FCA cases that have addressed the topic. [1]

Alternatively, as a matter of equity, the overwhelming majority of time expended in litigating this matter was a direct result of Defendant Afzal J. Malik's transfer of assets [Doc. 38] [Doc. 39], replacement of multiple counsel [Doc. 47] [Doc. 92], filing of various baseless motions that were later denied or rendered moot [Doc. 76] [Doc. 95], refusal to respond to discovery requests in a timely or sufficient fashion, reluctance to commit to paper the terms of a settlement reached following a marathon 12-hour mediation, and general utilization of what can only be described as tactics intended to unreasonably delay these proceedings.

## CONCLUSION

In closing, the FCA mandates a fully compensatory attorney fees and expenses award. Therefore, based upon the authorities cited herein and the Declaration and supporting documentation submitted herewith, Relator respectfully requests this Court order Defendant Afzal J. Malik and Defendant Prime Health Care Services Inc., jointly and severally, to pay to

---

[1] *See e.g.* <u>Miller v. Holzmann</u>, 575 F. Supp. 2d 2 (D. D.C. 2008); United States v. Hughes, 585 F.2d 284 (7th Cir. 1978);  *see also* <u>United States *ex rel*. Abbot-Burdick v. University Med. Assocs., *et al*.</u>, 2002 U.S. Dist LEXIS 26986 (D.S.C. 2002)(settling defendant held liable for all of the attorneys' fees when co-defendant was determined to be a "person: amendable to suit under the False Claims Act); <u>United States *ex rel*. Wiser v. Geriatric Psychological Servs., Inc.,</u> 2001 U.S. Dist. Lexis 12930 (D. Md. 2001)(court refused to apportion attorneys' fees among co-defendants were each made parties to the *qui tam* action.); <u>Mortgages, Inc. v. United States District Court for the District of Nevada</u>, 934 F.2d 209 (9th Cir. 1991); <u>United States v. Cabrera-Diaz</u>, 106 F.Supp.2d 234 (D.P.R. 2000).

Barker Hancock Cohron, LLP the sum of Seventy-Three Thousand Seventy-Eight Dollars ($73,078.50)($93,078.50 minus the $20,000.00 paid by Defendant Arshad J. Malik) for attorney fees and Two Thousand Four Hundred Ninety-Seven Dollars ($2,497.00) for expenses. Relator also requests his counsel be paid the reasonable fees and expenses incurred by Barker Hancock Cohron, LLP in preparing and litigating this Petition, which will be detailed in a supplemental petition.

Respectfully submitted,

/s/ Travis W. Cohron
*Counsel for the Relator*

Travis W. Cohron, No. 29562-30
Barker Hancock Cohron, LLP
198 South 9th Street
Noblesville, IN 46060
t: (317) 203-3000
tcohron@bhclegal.com