Exhibit "A"

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, *ex rel*. BRADLEY STEPHENS,<br>      *Plaintiffs*,<br><br>      v.<br><br>DR. ARSHAD MALIK, *et al*.<br>      *Defendants*. | )<br>)<br>)<br>)<br>) Cause No. 2:12cv306<br>)<br>)<br>)<br>) |

## DECLARATION OF TRAVIS W. COHRON IN SUPPORT OF RELATOR'S PETITION FOR ATTORNEYS' FEES AND EXPENSES

1. I am a principal and the managing partner of Barker Hancock Cohron, LLP. I am admitted to practice law in the State of Indiana (2009), before the United States District Court for the Northern District of Indiana, the United States District Court for the Southern District of Indiana, and have been admitted *pro hac vice* to the United States District Court for the Western District of Texas.

2. Previously, I was employed by Holt, Fleck, & Romine, LLP. and Campell Kyle Proffitt, LLP. where my work was almost entirely focused upon litigation. I am or have been a member of the American Bar Association, the Indiana Bar Association, the Hamilton County Bar Association, the Indianapolis Bar Association, and several other professional associations.

3. My practice predominantly involves civil litigation, including but not limited to, *qui tam* litigation under the Federal False Claims Act, 31 U.S.C. § 3729, *et seq,* (hereafter "False Claims Act" or "FCA") and employment-based claims. Representative cases I have lead or been intimately involved in, *not presently under seal,* include:

>The instant matter, U.S. ex rel. Bradley Stephens v. Dr. Arshad Malik, *et al*., United States District Court, Northern District of Indiana, Cause No. 2:12cv306
>
>Stanley Stephens v. The City of Lawrence, United States District Court, Southern District of Indiana, Cause No. 1:13-cv-1503 TWP-DML; representing the

Plaintiff in bringing claims under §1983 for retaliation and violations of procedural due process.

Jo Ann Harris v. Janus Developmental Services, Inc., United States District Court, Southern District of Indiana, Cause No. 1:14-cv-00255-SEB-MJD; representing the Plaintiffs in a collective action for unpaid wages and overtime.

Jackson Street Investors, LLC. as assignee of Paul E. Turner v. Rebecca J. Bartle, Hamilton County Superior Court, Cause No. 29D01-1003-CC-345; successfully representing the Defendant at trial in a multi-million dollar claim for breach of contract and other miscellaneous employment obligations stemming from her previous ownership and involvement in the Plaintiff corporation.

Lee R. Johnson v. Hamilton County Convention Center, LLC., Mill Top, LLC., Diametric, LLC. *et al.*, Hamilton County Superior Court, Cause No. 29D05-1112-PL-012925; successfully representing the Defendants in matter involving allegations of unpaid wages, overtime, and the fraudulent transfer of corporate assets.

U.S. v. Dr. Adolphus Anewkwe and C & A Home Health Care Services, Inc., United States District Court, Northern District of Indiana, Cause No. 2:12-cv-305; representing the Relator in a False Claims Act matter involving alleged violations of The Stark Law.

Hatfield v. Equifax Information Services, LLC., United States District Court, Southern District of Indiana, Cause No. 1:16-cv-00404-SEB-DKL;

Von Hoven v. Experian Information Solutions, Inc., United States District Court, Southern District of Indiana, Cause No. 1:16-cv-003930-TWP-MJD

U.S. v. Maxim Healthcare Services, Inc., United States District Court, Western District of Texas, Cause No. 1:15-cv-00527-SS; representing the Relator in a False Claims Act matter involving allegations of fraudulent billing.

4. My current hourly rate which I charge and receive from hourly clients for complex litigation services is $275.00 per hour. While employed at Campbell Kyle Proffitt, LLP., I charged and received between $250.00 and $275.00 per hour for the same types of matters. My partner, Andrew M. Barker, while at Campbell Kyle Proffitt, LLP. charged and received $375.00 per hour for these types of complex litigation services.

5. I am familiar with the billing rates in the greater Chicago, Indianapolis, Hammond,

and Merrillville areas for labor and employment attorneys with similar experience and have familiarized myself with the fees of those who litigate False Claims Act cases. My hourly fee rates are at, or below, the market rate charged by similarly experienced attorneys in each of these areas.

6. The attached time sheets itemize my work in my firm and while with the law firms of Campbell Kyle Proffitt, LLP. and Holt, Fleck & Romine, LLP. As the attached time sheets reflect, with the assistance of the Department of Justice, we successfully litigated the Relator's claims against seasoned and experienced counsel for the Defendants. The case was vigorously fought at every stage of this case through the present by Defendant Afzal Malik and Defendant Prime Health Care Services, Inc. *See* Exhibit B, Detailed Billing History In Excel Format.

7. Further, FCA litigation is complex and it is difficult to find experienced and respected Relator's counsel, particularly where – as here – the litigation extends for so long a period and is rigorously defended by well-financed opponents. This further justifies the hourly rate sought for this type of a proceeding.

8. The attached billing records accurately reflect the time and costs which I reasonably expended and/or incurred in litigating this matter and for which the Relator now seeks from Defendant Afzal J. Malik and Defendant Prime Health Care Services, Inc. *See* Exhibit B, Detailed Billing History In Excel Format.

9. The time I have expended was recorded contemporaneously, as set forth in the attached billing statements. I performed the tasks for which I recorded. *See* Exhibit B, Detailed Billing History in Excel Format.

10. Further, all of the Relator's expenses noted have been billed, incurred, and/or paid. All were reasonable and necessarily incurred in the successful prosecution of this suit. Mileage was expensed at .55¢ per mile of travel.

11. I have exercised billing judgment in preparing this fee petition and the hours billed. I

have excluded and not billed for time expended in routing tasks or clerical functions such as photocopying, filing, errands, or general file organization and review. I have also excluded and not billed for any time expended negotiating with the United States of America over the Relator's share of any recovery.

12. The timekeeper summaries attached to my billing records are computer generated in Excel format from the billing program Juris and reflect the name or initials of the timekeeper, their applicable billing rate, and the total hours billed. Work completed but unbilled as a timekeeper entry is reflected in those line items showing $0.00. Further, many entries were not included in the exercise of reasonable billing judgment. Time for travel has billed at one half of my current rate.

13. The attached spreadsheet summary includes the total billing for all timekeepers in this matter – including those whose time was not billed or was reduced – based upon my personal review of them.

14. As reflected in the attached Excel spreadsheet, the total amount of attorney fees expended in this litigation total $93,078.00. However, following payment and receipt of $20,000.00 from Defendant Dr. Arshad Malik, Defendant Afzal J. Malik and Defendant Prime Home Care Services, Inc. are responsible for the remaining $73,078.00. This amount is both reasonable and appropriate in light of the joint and several liability of the underlying claims at issue and as a matter of equity.

I certify, under the penalty of perjury pursuant to 28 § U.S.C 1746 that the foregoing statements and attached time entries are true and accurate.

Dated: May 17, 2016                                  Respectfully submitted,

                                                                             /s/ Travis W. Cohron