# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| *ex rel.* BRADLEY A. STEPHENS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:12-CV-306-WCL-PRC |
| | ) | |
| DR. ARSHAD MALIK, AFZAL MALIK, and | ) | |
| PRIME HEALTH CARE SERVICES, INC., | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Strike [DE 109], filed by Defendants Afzal Malik and Prime Health Care Services, Inc. on June 1, 2016. Relator Bradley Stephens filed a Response on June 16, 2016. No reply has been filed, and the time in which to do so has elapsed.

The Court dismissed the instant cause of action without prejudice on April 29, 2016, pursuant to a stipulation of dismissal signed by all of the parties and filed with the Court. Twenty days later, on May 19, 2016, Stephens filed a Relator's Petition for Attorney Fees and Expenses Pursuant to 31 U.S.C. § 3730(d).

Defendants move the Court to strike Stephens's petition for fees on the grounds that it was untimely. Federal Rule of Civil Procedure 54(d) requires a motion for attorney's fees be made within fourteen days of entry of judgment. Fed. R. Civ. P. 54(d)(2)(B). Plaintiff argues that the Court's Order dismissing this case is not a judgment for the purpose of Rule 54 and, in the alternative, that the delay was brief, in good faith, and the result of excusable neglect.

"'Judgment' as used in [the Federal Rules of Civil Procedure] includes a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). Because the dismissal of a cause of action ends the litigation, such a dismissal is a judgment. *Am. Nat. Bank & Trust Co. of Chicago v.*

*Equitable Life Assurance Soc. of U.S.*, 406 F.3d 867, 875 (7th Cir. 2005); *Hill v. Potter*, 352 F.3d 1142, 1144 (7th Cir. 2003) ("The test for finality is not whether the suit is dismised with prejudice or without prejudice, on the merits or on a jurisdictional ground or on a procedural ground . . . . The test is whether the district court has finished with the case."). The Court's April 29, 2016 Order dismissing this cause of action is a judgment under the Federal Rules.

Stephens filed his petition for fees after time to do so allowed by Rule 54(d) expired. Stephens asserts that the delay in filing the petition is partly due to discussions with counsel for Defendant Afzal Malik in an attempt to reach an agreement about the fee amount. Stephens also argues that the missed deadline is a result of excusable neglect due to his counsel's good faith belief that Rule 54 and the associated local rule do not apply to the facts of this case.

The Court finds that the delay was brief, in good faith, and did not prejudice Defendant. *See McCarty v. Astrue*, 528 F.3d 541, 544 (7th Cir. 2008) (citing *Pioneer Inv. Serv. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993)).

Because the missed deadline is the result of excusable neglect, the Court hereby **DENIES** the Motion to Strike [DE 109]. The Court **SETS** the deadline for Defendants to respond to the Motion for Attorney Fees and Expenses for **July 19, 2016**, and the deadline for Stephens to reply for **July 26, 2016**.

SO ORDERED this 5th day of July, 2016.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT