IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ex rel. ) | |
| BRADLEY STEPHENS, ) | |
|     *Plaintiffs*, ) | |
| ) | |
|     v. ) | Cause No. 2:12cv306 |
| ) | |
| DR. ARSHAD MALIK, *et al*. ) | |
|     *Defendants*. ) | |

**REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO RELATOR'S PETITION FOR ATTORNEYS' FEES AND EXPENSES**

Relator Bradley Stephens, by and through undersigned counsel, respectfully submits this *Reply to Defendants' Response In Opposition To Relator's Petition for Attorneys' Fees and Expenses*. In support thereof, the Relator would state the following:

**INTRODUCTION**

On May 19, 2016, Stephens filed his *Petition for Attorney's Fees and Costs*. On June 1, 2016, Defendants Afzal J. Malik and Prime Health Care Services, Inc. filed a Motion to Strike [DE 109] said petition. On June 16, 2016, Relator Bradley Stephens filed a response. On July 5, 2016, the Court denied the Defendants' Motion to Strike [DE 112] and set a deadline of July 19, 2016 for the Defendants to respond to Relator Bradley Stephens' *Petition for Attorney's Fees and Costs*. The Defendants filed that response on July 18, 2016 [DE 113] repackaging the argument they previously raised in their Motion to Strike and seeking a reduction of Thirteen Thousand Five Hundred Sixty-Three Dollars ($13,563.00) from any attorney fees ultimately awarded. Relator Bradley Stephens now submits his Reply.

**ARGUMENT**

  A. **Contrary To The Defendants' Inaccurate Reading of *Denius*, Case Law From This Circuit Supports An Award Of Attorney's Fees At Current Billing Rates In Lieu of Interest.**

The Defendants seek a reduction to the sought after Lodestar rate from undersigned counsel's current billing rate ($275.00) to the rate he utilized at the time the services were rendered ($250.00). However, the Defendants do not argue that either rate is implicitly unreasonable. Instead, they offer a wholly inaccurate reading of Denius v. Dunlap, 330 F.3d 919 (7th Cir. Ill. 2003), a case previously cited by the Relator, in arguing that the utilization of a current rate is simply inappropriate.

The Defendants state, "In Denius, the court disagreed with the position that rates should be the current rate and not what was billed at the time." Paragraph 21. This is simply false. While it is true the Denius court ultimately upheld the district court's refusal to accept the petitioner's current rate in its Lodestar calculation, it did so because of the contradicting and insufficient evidence offered in support. Specifically, the court highlighted that "the only evidence regarding Heller's rate when billing under his own name was his own statement that he charged $180 (not $200) per hour for the civil rights case he litigated in January of 2001." Thus, it held the district court was well within its discretion in setting a lower figure as

Here, there is no such contradiction or discrepancy nor do the Defendants contend the sought rate ($275) is inherently unreasonable. To the extent they do, undersigned counsel previously submitted an affidavit attesting to the contrary and is happy to further supplement with any additional information required by the Court.

Beyond Denius, and back to the issue at hand, a large number of other Supreme Court and Seventh Circuit cases have permitted the use of current billing rates, largely utilizing the same logic: the use of current billing rates allows for the avoidance of complex interest calculations while still acknowledging the time value of money and the requisite reasonableness standard. *See e.g. Skelton v. General Motors Corp.*, 860 F.2d 250, 255 n.5 (7th Cir. 1988) (noting that "[t]he

courts in this circuit generally use current rates"); *see also* Matter of Cont'l Ill. Sec. Litig., 962 F.2d 566, 570-71 (7th Cir. 1992); Young v. Verizon's Bell Atl. Cash Balance Pla*n,* 783 F.Supp.2d 1031, 1038 (N.D. Ill. 2011); Greenfield Mills, Inc. v. Carter, 569 F. Supp. 2d 737, 758 (N.D. Ind. 2008); Trustees of the Chicago Plastering Inst. Pension Trust v. Cork Plastering, Inc., 2008 U.S. Dist. LEXIS 21384, *7-9 (N.D. Ill. Mar. 18, 2008) ("case law within this circuit supports paying an attorneys' fees award at current billing rates in lieu of awarding interest on rates for services performed in earlier years").

Alternatively, in the event the Court disagrees with the foregoing and elects to utilize the lower Lodestar rate, Relator Bradley Stephens respectfully requests interest be assessed and added to any ultimate award of attorney's fees and costs.

   **B. The Exhibits Offered By the Defendants In Support Of Their Response Should Be Stricken Or Disregarded As They Are The Product Of Confidential Settlement Communications, Made Pursuant To FRE 408, not "informal discovery."**

In support of a reduction in attorney fees, the Defendants have utilized billing information they claim was produced in "informal discovery" to argue the itemizations submitted contemporaneously with the Relator's *Petition for Attorney's Fees and Costs* were altered.  This is unfortunate, inappropriate, and misleading for a number of reasons. First, any information provided to the Defendants was either produced in actual discovery or via good faith settlement discussions. Second, the Defendants have neglected to authenticate the items at issue. Third, if any alteration did occur, it was done to promote a resolution to the issue of attorney fees and the overall settlement of the underlying case herein.

   **C. The Untimeliness of the Relator's Petition for Attorney Fees and Costs Has Already Been Addressed By The Court Via Its Order Dated July 5, 2016. To The Extent It Has Not Been, The Relator Has Already Shown Good Cause As To Why It Should Be Treated As Being Timely Filed And Hereby Formally Moves For An Extension To Effectuate That Purpose.**

On July 5, 2016 this Court found that Stephens delay in filing his *Petition for Attorney's Fees and Costs* was brief, in good faith, and did not prejudice the Defendant." Presumably, this finding is the manifestation of the Court's discretion to accept said Petition as timely filed. To the extent it was not, and to the extent the Court did not determine the missed deadline was not the result of excusable neglect as also stated in its Order dated July 5, 2016, the Relator would incorporate by reference his argument as presented in his *Response In Opposition To The Defendant's Motion to Strike* and hereby move the Court to accept his Petition for Attorney's Fees and Costs as timely filed or grant an extension so the same purpose can be achieved.

## CONCLUSION

In closing, the FCA mandates a fully compensatory attorney fees and expenses award. Therefore, based upon the authorities cited herein and the Declaration and supporting documentation submitted herewith, Relator Bradley Stephens respectfully requests this Court order Defendant Afzal J. Malik and Defendant Prime Health Care Services Inc., jointly and severally, to pay to Barker Hancock Cohron, LLP the sum of Seventy-Three Thousand Seventy-Eight and 50/100 Dollars ($73,078.50)($93,078.50 minus the $20,000.00 paid by Defendant Arshad J. Malik) for attorney fees and Two Thousand Four Hundred Ninety-Seven Dollars ($2,497.00) for expenses. Relator Bradley Stephens also requests his counsel be paid the reasonable fees and expenses incurred by Barker Hancock Cohron, LLP in litigating this matter from the date of his *Petition for Attorney's Fees and Costs* to today, which will be detailed in a supplemental petition.

Respectfully submitted,

/s/ *Travis W. Cohron*
Travis W. Cohron, No. 29562-30
Barker Hancock Cohron, LLP
198 South 9th Street
Noblesville, IN 46060
t: (317) 203-3000

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of this Court's electronic filing system. Parties may access this filing through the Court's system.

Daniel Zamudio
dan@zlawpro.com

/s/ *Travis W. Cohron*
Travis W. Cohron