**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ex rel. BRADLEY STEPHENS, *Plaintiffs*, | ) ) ) ) |
| v. | ) Cause No. 2:12cv306 |
| DR. ARSHAD MALIK, *et al*. *Defendants*. | ) ) ) |

**MEMORANDUM IN SUPPORT OF SUPPLEMENTAL PETITION**
**FOR ATTORNEY'S FEES AND COSTS PURSUANT TO 31 U.S.C. §§ 3730(D)**

Relator Bradley Stephens, by and through undersigned counsel, hereby submits this memorandum to address outstanding legal issues in the case and to document the hours spend by his counsel in connection with the preparation for the hearing on his fee petition, the hearing itself, and the preparation of this memorandum.

**ARGUMENT**

As described above, the Relator is a prevailing party and entitled to "receive reasonable attorney's fees and costs." 31 U.S.C. § 3730 (d)(1). Accordingly, the attached Exhibit 1, Declaration of (Relator's Counsel) Mr. Travis W. Cohron and Exhibit 2, Summary of Billing Data, establish the Relator is entitled to recover an additional sum of Six Thousand Two Hundred Fifteen Dollars ($6,215.00) in attorney fees from the Defendants.

**A. Relator Bradley Stephens Is Entitled To An Award of Fees for the Time Spent in Connection With The Litigation Of His Fee Petition.**

The approach to attorney's fee awards under the False Claims Act tracks the approach Courts have taken in cases involving other fee-shifting statutes. *See,* e.g. *U.S. ex rel. John Doe I and John Doe II v. Penn. Blue Shield*, 54 F. Supp. 2d 410, 413 (M.D. Pa. 1999). Under such

cases the law is clear that time spend preparing the fee petition are fully compensable. *Prandini v. Nat'l Tea Co.*, 585 F.2d 47, 53-54 (3d Cir. 1978) (Title VII); *Hernandez v. Kalinowski* 146 F.3d 196, 198-199 (3rd Cir. 1998) (Prison Litigation Reform Act); *Hernandez v. George*, 793 F.2d 264, 269 (10th Cir. 1986) (Civil Rights Attorney's Fee Awards Act). As contemplated in each of the foregoing cases, if the fee could be eroded by the absence of compensation for time needed to prepare and present a fee petition to the court, a defendant would be encouraged to engage in dilatory tactics rather than pay for fees and costs incurred in the case.

Wherefore, as detailed in his *Supplemental Petition For An Award of Attorney's Fees and Costs* (filed today), Relator request an additional award of Six Thousand Two Hundred Fifteen Dollars ($6,215.00) for time spent litigating his Fee Petition and for the preparation of today's filings. This brings Relator's total requested fees and costs for all work performed on the case to of Eighty-One Thousand Seven Hundred Ninety and 50/100 Dollars ($81,790.50), plus interest from the April 6, 2016 settlement and subsequent dismissal of the *qui tam* allegations in this case.

Respectfully submitted,

/s/ *Travis W. Cohron*
Travis W. Cohron
Barker Hancock Cohron, LLP
198 South Ninth Street
Noblesville, IN 46060
Telephone: (317) 203-3000
tcohron@bhclegal.com
*Counsel for the Relator*

**CERTIFICATE OF SERVICE**

   I hereby certify that on August 8, 2016, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operation of this Court's electronic filing system.  Parties may access this filing through the Court's system.

  Daniel Zamudio
  dan@zlawpro.com

  Wayne Ault
  Wayne.Ault@usdoj.gov

                /s/ *Travis W. Cohron*
                Travis W. Cohron